## HOWE v. WERNER ET AL.

1. BROKERS' COMMISSIONS, WHEN EARNED.
When an agent employed to negotiate an exchange of real estate brings the parties together and a trade is effected by the agency of the broker, he is entitled to his commission, even though the exchange was completed by the employer upon a basis different than that embraced in the terms of the employment.

2. EVIDENCE.
In an action by an agent to recover commissions for effecting an exchange of real estate, letters written by the defendant to another agent acting for him in closing the matter, unless shown to have been communicated to the plaintiff and acted upon, are inadmissible in evidence.

*Appeal from the District Court of Arapahoe County.*

Mr. WILLIS B. HERR, for appellant.

No appearance for appellees.

REED, P. J., delivered the opinion of the court.

The suit was brought by appellees against appellant to recover a commission of $300, as real estate brokers, in the exchange of property of appellant, in the state of Maine, for the property of one Kleine, situated in North Denver.

The complaint, in the ordinary form, alleges the employment; the agreed price for the services in case the transaction was consummated was to be $300; that the trade was consummated and the money earned, and that the payment had not been made. The answer was a general denial, with the following special defense: "Defendant alleges the truth to be that on, to wit, the_____day of_____, 1892, the defendant did agree to pay to the plaintiffs the said sum of three hundred dollars ($300) if the plaintiffs succeeded in effecting an exchange of certain property situated in the state of Maine for certain real estate situated in the city of Denver, Colorado, free and clear of all liens and incumbrances, and that the plaintiffs never did succeed in making an exchange of said property on the terms and conditions authorized by the defendant." To which a replication was filed. Trial was had to the court without a jury; a finding for the the plaintiffs; and judgment for $335.33, from which an appeal was prosecuted to this court.

There was no serious disagreement as to the facts of this case. The testimony is conclusive that appellant was to pay appellees $300 as commission in case the trade was consummated. Appellant claims that the exchange of property was not completed in accordance with the proposition by him made, upon which the agreement to pay the $300 was predicated, but upon a different basis afterwards arranged. However this may have been, it is clear that the parties were brought together and the trade effected by the agency of appellees. The law of real estate agency is well settled by several adjudicated cases in both the supreme and this court, —see *Finnerty v. Fritz*, 5 Colo. 174; *Buckingham v. Harris*, 10 Colo. 455; *Babcock v. Merritt et al.*, 1 Colo. App. 84;

*Anderson v. Smythe*, 1 Colo. App. 253 ; —and is stated to be " that when an agent produces a purchaser acceptable to the owner, and able and willing to purchase on terms satisfactory to the owner, the agent has performed his duty," and the agent is entitled to his commission.  " If the agent introduces the purchaser or discloses his name to the seller, and through such introduction and disclosure negotiations are begun and a sale of the property effected, the agent is entitled to his commission, although the sale be made by the owner."   And again : " The agent is entitled to his commission where the sale really proceeds and is effected through the acts of the agent, though he did not negotiate the sale." See *Anderson v. Smythe, supra*, and cases cited.

The evidence in this case clearly established the fact that the parties were brought together and negotiations carried on by and through appellees ; that they participated in and aided in the transaction up to the time of its consummation, and up to that time were recognized and regarded by the appellant as his agents.   The fact that appellant had, in his absence, the transfers made and money paid by and through his agent, Mr. Tucker, could not affect the relation of the parties ; nor could appellant by his own act disregard the services performed and refuse to pay the agreed price.   The court was warranted in finding that the established facts were such as to entitle the appellees to the commission claimed.

Upon the trial defendant attempted to prove by Mr. Tucker, the agent of appellant, the contents of letters received by him from appellant in regard to the transaction, also the part taken and services rendered by him for appellant in closing the deal, which was objected to and ruled out.   Such ruling is assigned for error, and is the only tangible assignment, the others being general,—that the court erred in its finding of fact and in the law of the case.

We cannot regard the ruling as erroneous.   What appellant wrote the agent acting in his stead in closing the matter, unless shown to have been communicated to appellees

and acted upon, could in no way affect them, nor after the sale or exchange was agreed upon and terms settled could the employment and agency of Mr. Tucker and his services in any way affect the right of appellees to receive compensation, any more than if appellant had performed the services in person or had employed an attorney to close it up. Hence the evidence offered was not admissible under the issues and was properly excluded. Had it been admitted, it could have had no important bearing upon the controversy.

The judgment of the district court must be affirmed.

*Affirmed.*